# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RYAN JARROD STANFORD, | : | |
| Plaintiff | : | |
| vs. | : | |
| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA, | : | NO. 5:05-CV-386(CAR) |
| Defendant | : | **O R D E R** |

      Plaintiff **RYAN JARROD STANFORD**, an inmate at Georgia State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under ***Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1970).[1]  Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

      It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

---

[1] Plaintiff used a court provided 42 U.S.C. § 1983 complaint form.  Section 1983 does not provide a cause of action against federal entities or employees. Accordingly, the Court will treat plaintiff's complaint as one arising under ***Bivens***.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II. BACKGROUND

Plaintiff names as his sole defendant the United States District Court for the Northern District of Georgia. Plaintiff alleges that in September 2005, he submitted for filing to the Northern District a habeas petition in which he challenges his 2000 Meriwether County, Georgia, conviction. A review of the Northern District's docket on the U.S. District PACER Docket Report reveals that plaintiff's case was docketed in the Newnan Division of the Northern District and assigned civil action number 3:05-cv-88-JTC-JFK.

In this action, plaintiff complains that "Newnan is not the location or the name of the Court" that he enumerated on his form petition. As relief, plaintiff seeks monetary compensation and an order directing the Northern District to reassign his case to the "correct" division.

### III. DISCUSSION

To the extent plaintiff seeks damages, the United States District Court for the Northern District of Georgia is not an appropriate defendant in a *Bivens* claim.  Moreover, this Court lacks jurisdiction to review decisions of the Northern District of Georgia.  *See Bolin v. Story*, 225 F.2d 1234, 1240-41 (11th Cir. 2000) (to allow injunctive relief against federal judges would be to permit a "horizontal appeal" from one district court to another or even "reverse review" of a ruling of the court of appeals by a district court) (citing *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1392-93 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988)).

For plaintiff's benefit, it appears that his case was properly assigned to the Newnan Division of the Northern District of Georgia.  *See* 28 U.S.C. § 90(a)(4) (listing the counties comprising the Newnan Division, including Meriwether County).

### IV.  CONCLUSION

In light of the above, the instant complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 23rd day of November, 2005.


                S/ C. Ashley Royal
                C. ASHLEY ROYAL
                UNITED STATES DISTRICT JUDGE

cr